## J. B. Brewster & Co. and others *v.* Parry.

*(Circuit Court, D. Massachusetts. December 19, 1882.)*

PATENTS FOR INVENTIONS—REISSUE—PRELIMINARY INJUNCTION.
A motion for a preliminary injunction against an infringement of a reissued patent, where there is no doubt that the reissue is in terms broader than the original, but which change may be legitimate, as describing the real invention, will be denied.

In Equity.

*L. Gifford* and *W. B. H. Dowse*, for complainants.

*J. A. Loring* and *W. P. Preble, Jr.*, for defendant.

LOWELL, C. J. This motion is for a preliminary injunction against an infringement by the defendant of the reissued patent No. 6,018,

for an improvement in carriage springs. This invention has for its object to improve the manner of connecting the bodies of light carriages with the side-bars, by which they are supported, and consists in interposing a pair of semi-elliptic springs between said side-bars and the wagon body. The single claim of the reissue is: "The semi-elliptic springs, G, G, interposed between the side-bars, F, F, and the wagon body, all combined substantially as specified."

The suit is brought by J. B. Brewster & Co., the owners of the patent, and James Hume, the exclusive licensee for Amesbury Mills, a territory in which a very large number of carriages are made.

Two defenses are insisted on—that J. B. Brewster & Co. have issued licenses to a great number of spring makers, to make and sell springs fit to be used in the patented combination, which imply a right to use or authorize the use of the springs in making carriages, and that the defendant bought his springs of a licensee; and that the reissue is void.

To the first defense the reply of the plaintiffs is that Hume's exclusive license to make and sell in Amesbury Mills is older than the licenses to the spring makers, and was well known to them and to the defendant; and to the second, that the reissue claims the true invention of Wood, the original patentee, and was taken out only 14 months after the patent was granted.

There can be no doubt that the reissue is, in terms, broader than the original, and that it includes and was intended to include one class, though not a large class, of carriages not covered by the original patent. The patent, No. 139,348, describes and claims an improvement of carriages having the ends of the side-bars supported by elliptic springs, by adding middle springs. The claim is: "A frame, consisting of the side-bars, F, F, downwardly-bowed end springs, E, E, and upwardly-bowed middle springs, G, G, constructed, arranged, and applied as and for the purpose described."

It is seen at once that the reissue omits the end springs, E, E, and thus covers wagons rigidly attached at the ends, which are not within the former claim. Under the law, as formerly understood, I should not doubt that this change is legitimate, as describing the real invention; but under late decisions of the supreme court I hesitate to decide so on a motion of this sort, especially because I am not able to say what limit of time that court intend to lay down within which a mistake of judgment may be corrected. True, it is as easy to decide such a question on motion as at a hearing, but the difference is that a wrong decision on a motion is not appealable, and, besides, it is

within the power of the court at a hearing (though not often exercised of late) to grant a decree for damages or profits and withhold the injunction. For these reasons, though my impressions are in favor of the plaintiffs, I must deny the motion.